Honorable H.G. Foster Prosecuting Attorney Twentieth Judicial District P. O. Box 1105 Conway, AR 72032
Dear Prosecutor Foster:
You have requested an opinion from this office on the following questions:
 a) Whether in the presence of an ordinance specifically prohibiting the working of any overtime without prior approval of the elected official (see attached Ordinance 85-12), a subsequent determination by the Department of Labor that overtime hours had been worked and should be paid, must be paid.
 b) Whether an ordinance assigning financial responsibility for non-compliance with the ordinance referred to in Ordinance 85-12 referred to hereinabove upon the elected official would be valid, and then whether said Ordinance would be effective in providing a cause of action against the non-complying elected official and thereby indemnifying the Faulkner County Quorum Court for any liability which attaches for overtime hours worked and non-compliance with Ordinance 85-12.
 c) Whether the Faulkner County Quorum Court must pay this audit or whether the elected official would be directly liable for the amount.
 d) Whether Faulkner County should pay this audit and what ramifications if they do not.
In response to your first question, 29 U.S.C. § 203(g) defines "employ" as "to suffer or permit to work." It is the responsibility of the employer to control the activities of its employees. Therefore, if members of the Sheriff's Department were allowed to actually work the hours in question, even in the presence of instruction to do otherwise, the hours have been worked and the employer is liable for payment for those hours.
In response to your second question, it is difficult to determine the validity of an ordinance without being able to review that ordinance. I can respond, in general terms however, that a local ordinance would not be sufficient to relieve an entity of liability under federal law if that entity bore the ultimate responsibility for the payment of wages. Whether or not the enactment of Faulkner County ordinance 85-12 would be a valid exercise of legislative power or would be in violative [violation] of the requirements of 17-3805(b) that employee policy practices enacted by the Quorum Court be only of a general nature (with the day to day administrative responsibility for each county office resting with the elected county official) is a question of fact. Failure to adhere to properly authorized administrative procedures could then give rise to misfeasance or nonfeasance of official responsibilities which might or might not be covered by an officer or employee bond.
In response to your third question, back wages to employees of the Sheriff's Department should come from those sources designated for salary purposes. This would be either the Sheriff's salary budget as the direct employer or whatever entity is the ultimate employer of county employees.
Your final question presents a situation in which an administrative decision must be made. Whether or not Faulkner County should pay the $7,236.65 identified by the United States Department of Labor as back wages or whether it should challenge that finding is clearly an administrative decision. However, it should be noted that the ramifications about which you ask are both expensive and time consuming. 29 U.S.C. § 216(b) provides in pertinent part that "any employer who violates the provisions . . . shall be liable to the employee or employees effected [affected] in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in such additional equal amount as liquidated damages." This action can be brought either by the employee (with a provision for the award of attorneys fees to be paid by the employer) or by the Secretary of Labor.
It appears that Wage and Hour publication number 1459, "State and Local Government Employees Under the Fair Labor Standards Act": might also be of further assistance in this area of inquiry.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Kay J. Jackson Demailly.